UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

IN RE:                                        Case No.:  12-30081-BKC-EPK

CLSF III IV, Inc., *et al*.,                  Chapter 7

         Debtors.                             (Substantively Consolidated)
_____/

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING AND APPROVING
SALE OF CERTAIN JUDGMENTS FREE AND CLEAR OF ALL LIENS,
CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363**

***Trustee's Concise Statement Pursuant to Local Bankruptcy Rule 6004-1***

The Trustee received a proposed Asset Purchase Agreement (a copy of which is attached as **Exhibit "A"**) from SLFAQ, LLC, proposing the purchase of property of the Debtors' estate, consisting of four judgments entered in favor of the Trustee in these chapter 7 cases.  A summary of the proposed terms of sale is set forth below:

| | |
|---|---|
| **Assets to be Sold:** | 1. *Final Default Judgment Against Defendant, Dennis Edward Moens* dated February 16, 2016 [Adv. ECF No. 105], entered in the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Dennis Edward Moens, et al.*, Adv. No. 14-01591-EPK, in favor of the Trustee and against Dennis Edward Moens in the principal amount of $73,615,910.87; |
| | 2. *Final Default Judgment Against Simon Wilhelmus Franciscus Laan* dated November 21, 2016 [Adv. ECF No. 125] entered in the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Dennis Edward Moens, et al.*, Adv. No. 14-01591-EPK, in favor of the Trustee and against Simon Wilhelmus Franciscus Laan in the principal amount of $20,584,687.46; |
| | 3. *Final Default Judgment Against Defendant, Reed Collingwood* dated February 3, 2015 [Adv. ECF No. 70], entered in the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Sunstar Financial, LLC and Reed Collingwood*, Adv. No. 14-01495-EPK, in favor of the Trustee and against Reed Collingwood in the |

|  | principal amount of $1,605,797.81. |
|  | 4. *Final Default Judgment and Order For Permanent Injunction, Turnover and Accounting Against Defendant, Jack Barry Phillips* dated December 14, 2015 [Adv. ECF No. 56], entered in the adversary proceeding captioned *Deborah C. Menotte, as Chapter 7 Trustee of the estates of CLSF III IV, Inc., and Deborah C. Peck, et al. v. Jack Phillips*, Adv. No. 15-01461-EPK, in favor of the Trustee and against Jack Phillips in the amount of $149,215.65. |
| **Identify of the Purchaser:** | SLFAQ, LLC, 670 White Plains Rd., Penthouse Suite, Scarsdale, NY 10583.  SLFAQ is not an insider of the Debtors. |
| **Sale Terms:** | Purchase Price:  $25,000.00, **subject to higher and better offers,** AS IS – WHERE IS, WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW |
| **Auction Terms:** | None |
| **Identify of Lienholders** | None |

Deborah C. Menotte, the duly appointed and permanent Chapter 7 Trustee (the "Trustee") for the substantively consolidated bankruptcy estate of CLSF III IV, Inc., *et al.* (collectively, the "Debtors"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105(a) and 363(b)(1) and Bankruptcy Rules 2002 and 6004, files this motion (the "Motion") seeking the entry of an order approving the sale of certain assets of the Debtors' estate to SLFAQ, LLC ("SLFAQ"), free and clear of liens, claims, interests and encumbrances, if any, pursuant to 11 U.S.C. § 363(f), with the same, if any, to attach solely to the proceeds of the sale.  In support thereof, the Trustee states:

### Jurisdiction

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363(b)(1), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

**The Moens and Laan Adversary Proceeding and Judgments**

3.     On August 21, 2014, the Trustee filed a *Complaint to Avoid and Recover Fraudulent Transfers* against Dennis Edward Moens ("Moens"), Simon Franciscus Wilhelmus Laan ("Laan"), and certain entities to which both Moens and Laan were associated, thereby initiating the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Dennis Edward Moens, Simon Franciscus Wilhelmus Laan, et al.*, Adv. No. 14-01591-EPK (the "Moens and Laan Adversary Proceeding").

4.     On February 16, 2016, the Court entered, in the Moens and Laan Adversary Proceeding, a *Final Default Judgment Against Defendant, Dennis Edward Moens* [Adv. ECF No. 105] in favor of the Trustee and against Moens in the amount of $73,615,910.87, plus post-judgment interest at the applicable federal statutory rate (the "Moens Judgment").[1]

5.     On November 21, 2016, the Court entered, in the Moens and Laan Adversary Proceeding, a *Final Default Judgment Against Defendant, Simon Wilhelmus Franciscus Laan* [Adv ECF No. 125] in favor of the Trustee and against Laan, in the amount of $20,584,687.46, plus post-judgment interest at the applicable federal statutory rate (the "Laan Judgment").

---

[1] By Order dated January 30, 2019, which is long since final and non-appealable, the Court denied a motion by Mr. Moens to vacate the Moens Judgment. [Adv. Pro. No. 14-01591-EPK, ECF No. 155].

10675890-3

**The Collingwood Adversary Proceeding and Judgment**

6.      On August 21, 2014, the Trustee filed a *Complaint to Avoid and Recover Fraudulent Transfers* against Reed Collingwood ("Collingwood") and Sunstar Financial, LLC, thereby initiating the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Sunstar Financial, LLC and Reed Collingwood*, Adv. No. 14-01595-EPK (the "Collingwood Adversary Proceeding").

7.      On February 3, 2015, the Court entered, in the Collingwood Adversary Proceeding, a *Final Default Judgment Against Defendant, Reed Collingwood* [Adv. ECF No. 70] in favor of the Trustee and against Collingwood in the amount of $1,605,797.81, plus post-judgment interest at the applicable federal statutory rate (the "Collingwood Judgment").

**The Phillips Adversary Proceeding and Judgment**

8.      On July 14, 2015, the Trustee filed a *Complaint Avoid and Recover Fraudulent Transfer, for Turnover, for a Preliminary Injunction and for a Permanent Injunction* against Jack Phillips ("Phillips"), Virginia Peck-Phillips, Catherine Peck-Phillips and CJ-VJ Realty Associates, LLC, thereby initiating the adversary proceeding captioned *Deborah C. Menotte, as Chapter 7 Trustee of the estates of CLSF III IV, Inc., and Deborah C. Peck, et al. v. Jack Phillips, et al.*, Adv. No. 15-01461-EPK (the "Phillips Adversary Proceeding").   On November 2, 2015, the Trustee filed an *Amended Complaint to Avoid and Recover Fraudulent Transfers, and for Turnover* [Adv ECF No. 36] solely against Phillips.

9.      On December 14, 2015, the Court entered, in the Phillips Adversary proceeding, a *Final Default Judgment and Order For Permanent Injunction, Turnover and Accounting Against Defendant, Jack Barry Phillips* in favor of the Trustee and against Phillips in the amount of $149,215.65, plus post-judgment interest at the applicable statutory rate (the "Phillips

4

10675890-3

Judgment").

## **RELIEF REQUESTED**

10.    The Trustee is now seeking authority from the Court to sell all of the estate's right, title and interest in and to the Moens Judgment, Laan Judgment, Collingwood Judgment and the Phillips Judgment (collectively, the "Judgments") to SLFAQ for the sum of $25,000.00, (the "Purchase Price") or such higher and better offer received, pursuant to the terms of an *Asset Purchase Agreement* (the "APA"), between the Trustee and SLFAQ, which is subject to the approval of this Court after notice and hearing.   A copy of the APA is attached hereto as **Exhibit "1"**, and the significant terms of the APA are set forth below:

a.    **Purchase Price.** The Purchase Price for the Judgments shall be paid in immediately available funds in the amount of Twenty-Five Thousand Dollars ($25,000.00), payable to the Trustee within three (3) business days of receipt by SLFAQ of the executed APA.

b.    **Assignment of Judgments**.   In exchange for the sum of $25,000.00 from SLFAQ in good and cleared funds, the Trustee will irrevocably and unconditionally sell, assign, transfer and convey to SLFAQ all of the Trustee's right, title and interest under, in and to the Judgments, as well as any and all claims and rights related to the Judgments, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Judgments and all amounts, interest, and costs due under the Judgments.

c.    **Payments Received on Judgments**.   The Trustee further agrees that any payments received by the Trustee on account of any of the Judgments shall constitute property of SLFAQ to which SLFAQ has an absolute right, and that Trustee will promptly deliver such payment to SLFAQ at the address for SLFAQ as set forth in the APA.

d.    **As is, Where is/Free and Clear of Liens**.   Except as specifically set

10675890-3

forth in the APA, the sale, assignment and transfer of the Judgments to SLFAQ pursuant to the terms of the APA will be "as is, where is" and without any representations or warrants whatsoever, whether express, implied or imposed by law.  In addition, the sale of the Judgments will be free and clear of any liens, claims and encumbrances.

        e.     **<u>No Assumption of Liabilities</u>**.   Notwithstanding any other provision of the APA, the Trustee and SLFAQ agree that SLFAQ is acquiring only the Judgments and rights and interests related thereto, and that SLFAQ is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of the Trustee or Debtors' estate or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Judgments, except as may otherwise expressly be provided in the APA.

        f.     **<u>Documents of Assignment</u>**.    From time to time, upon request from SLFAQ, the Trustee shall execute and deliver to SLFAQ such documents reasonably requested by SLFAQ to evidence and effectuate the transfer contemplated by the APA in a form reasonably acceptable to the parties to the APA.   Furthermore, SLFAQ may request the jurisdiction of this Court for prosecution and enforcement of certain rights.   As set forth in the APA, SLFAQ will reimburse the Trustee for its reasonable costs associated with such action and compliance.

        g.     **<u>Limited Power of Attorney</u>**.   Solely with respect to the Judgments, and to the extent permitted by law, the Trustee irrevocably appoints SLFAQ as her true and lawful attorney and authorized SLFAQ to act in the Trustee's stead, to demand, sue for, compromise and recover all such amounts as now are, or may thereafter become due and payable for or on account of and strictly limited to, the Judgments assigned pursuant to the APA.   The Trustee

10675890-3

grants unto SLFAQ full authority to do all things necessary to enforce the transfer of the Judgments to SLFAQ and its rights thereunder pursuant to the APA. A copy of the proposed Limited Power of Attorney is attached to the APA as Exhibit B.

11.     By this motion, the Trustee seek authority to sell the Judgments to SLFAQ pursuant to the terms of the APA, or to such other higher and better offers as may be received for the Judgments.

12.     Prior to receiving the offer by SLFAQ to purchase the Judgments, the Trustee made several attempts to sell the Moens Judgment and Laan Judgment. Specifically, the Trustee (i) listed the Judgments on the National Association of Bankruptcy Trustees' website (www.nabt.com), (ii) reached out to former counsel to Maatschap QI Collectief ("MQIC") to inquire as to whether MQIC or any of its members had any interest in purchasing the Moens Judgment and/or Laan Judgment; and (iii) inquired of Oak Point Partners, LLC ("Oak Point"), as to whether Oak Point had any interest in purchasing the Judgments. Only listing the Judgments on the NABT website bore fruit in the form of the proposed purchase memorialized in the APA. The difficulty in obtaining a substantive offer vis-à-vis the Judgment amounts is best reflected in the fact that MQIC declined to even make an offer to purchase the Moens Judgment and Laan Judgment despite the fact that collection efforts will have to be undertaken in Europe *where MQIC is based*.

13.     Accordingly, the sole offer made by SLFAQ represents, in the Trustee's view, and in her business judgment, the highest and best offer obtainable for the sale of the Judgments. This view is buttressed by the fact, as the Trustee understands it, that SLFAQ has extensive collection experience specifically including the collection of default judgments.

14.     Based on the Trustee's efforts to market and sell the Judgments as listed above,

10675890-3

the Trustee submits that the Purchase Price is fair and adequate, advantageous for the estate, and reflects the most value obtainable from the disposition of the Judgments.

15.     The Trustee, therefore, seeks entry of an order authorizing and approving the sale of the Trustee's right, title, and interest in the Judgments, free and clear of liens, claims, interests and encumbrances, if any, to SLFAQ pursuant to 11 U.S.C. § 363(b)(1), but subject to higher and better offers.

## BASIS FOR RELIEF REQUESTED

16.     This Court has the statutory authority to authorize the sale of the Judgments free and clear of liens, claims, and encumbrances.

17.     Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Code. 11 U.S.C. § 105(a).

18.     Property of the estate may be sold outside the ordinary course of business. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Courts have held that transactions should be approved under § 363(b)(1) when: (a) they are supported by the sound business judgment of the Trustee[1]; (b) interested

---

[1] *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc., et al. (In re Continental Air Lines, Inc,)* , 780 F.2d 1223, 1226 (5th Cir. 1986); *see also Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (holding that a debtor in possession can sell assets of his estate outside the ordinary course of business if he has an articulated business justification); *In re 160 Royal Palm, LLC,* 600 B.R. 119, 126 (S.D. Fla. 2019) (holding that courts approve of the use, sale or lease of estate property by a chapter 11 debtor, which has the power of a trustee, where it "has used reasonable business judgment and articulated a business justification for such use."); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991) (holding that a trustee must show that "there is a sound business purpose for conducting the sale prior to confirmation of a plan"). "A debtor's [or trustee's] business decision should be approved by the court unless it is shown to be so manifestly unreasonable that

parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith. *See In re 160 Royal Palm, LLC,* 600 B.R. at 129; *In re Delaware & Hudson Ry. Co.*, 124 B.R. at 176; *In re Phoenix Steel Corp.*, 82 B.R. 334, 335-36 (D. Del. 1987). Here, each of these factors is met.

19.     Pursuant to section 363(f) of the Bankruptcy Code, a debtor in possession may sell all or any part of its property free and clear of any and all liens, claims, encumbrances or interests if (a) such sale is permitted under non-bankruptcy law, (b) the party asserting a lien, claim or interest consents to the sale, (c) the interest is a lien and the purchase price is greater than the aggregate amount of all of the liens on the property, (d) the interest is subject to a bona fide dispute, or (e) the party asserting the claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See* 11 U.S.C. § 363(f). To the Trustee's knowledge, no liens, claims or encumbrances exist with respect to the Judgments, but if same did exist, the sale of the Judgments could be made under applicable non-bankruptcy law such that the Trustee meets one of the factors in the statute which is worded in the disjunctive. *In re Gulf States Steel, Inc. of Ala.*, 285 B.R. 497, 506 (Bankr. N.D. Ala. 2002).

## Sound Business Justification

20.     After due reflection of the circumstances, the Trustee believes the sale of the Judgments proposed herein to be economical, efficient, and the best way to maximize the value of the Trustee's rights, title and interests in the Judgments. The longer the Judgments remain outstanding, the less value they have because it is harder to collect on a default judgment that

---

it could not be based upon sound business judgment, but only on bad faith, or whim or caprice." *In re 160 Royal Palm,* 600 B.R. at 126. The Trustee's decision to sell the Judgments to SLFAQ is reasonable in all respects, in particular with respect to the Moens Judgment and Laan Judgment which she has made multiple efforts over multiple months to sell to multiple parties, unfortunately, to no avail.

10675890-3

remains unpaid for long periods of time. This is especially the case where the largest judgments by far will require collection efforts outside the United States.

21.     Accordingly, the Trustee, in the exercise of her sound business judgment, has determined that it is in the best interests of the estate to sell the Trustee's right, title and interests in the Judgments to SLFAQ pursuant to the terms described herein and in the APA.

22.     The APA was negotiated at arm's length, in good faith and without collusion, and the Trustee believes that the Purchase Price is reasonable and represents fair value under the particular circumstances in this case.

### Adequate Notice of the Proposed Sale

23.     The Trustee submits that all creditors and interested parties will be provided with adequate notice of the proposed sale through the filing of this Motion. The Trustee will put on the CLSF website (www.CLSFTrustee.com), the filed copy of this Motion and attachments, as well as the notice of hearing thereon (NOH), within two (2) business after the Motion is filed and the NOH issued by the Court, respectively.

### The Sale Price is Fair and Reasonable

24.     Although the Judgments total the amount of $95,955,611.79, the Trustee believes that Purchase Price is reasonable and provides the best return to the creditors of the estate considering the amount of time that has passed since the Judgments have been entered and the collectability of the Judgments, specifically including that the two largest judgment debtors (Moen and Laan) and their assets are located in Europe.  In the event that an alternative purchaser files an objection to this Motion and offers a higher and better purchase price, the Trustee will evaluate any such offer in advance of the hearing and apprise the Court of such an offer(s), if received, and her decision on whether to accept same over that offered by SLFAQ.

**The Sale Was Negotiated in Good Faith**

25.     The proposed sale of the Judgments on the terms described herein, are the product of good faith, arms' length and collusion-free negotiations between the Trustee and SLFAQ. The Trustee believes that the proposed price is fair and reasonable under the circumstances of this matter. The Trustee requests that the Court make a finding at the hearing on this Motion that SLFAQ (or the prevailing purchaser if other than SLFAQ) is a purchaser in "good faith" as that term is contemplated by section 363(m) of the Bankruptcy Code and, therefore, entitled to all the benefits of a good faith purchaser under that statute.

**Sale Free and Clear of Liens**

26.     The sale of the Judgments will be free and clear of all liens, claims and encumbrances with such liens, if any, to attach to the proceeds of sale.

**Waiver of Stay Provisions of Rule 6004(h)**

27.     The Trustee request that the sale of the Judgments be immediately effective upon entry of a written Order approving the sale and that the fourteen (14) day stay of effectiveness of such an Order provided for in Bankruptcy Rule 6004(h) be waived.

**CONCLUSION**

28.     The Trustee believes that the sale of the Trustee's right, title and interests in the Judgments free and clear of liens, claims or encumbrances, and subject to higher and better offers, will benefit the Debtors' estate, and facilitate the closing of these long-running chapter 7 cases and distributions to the creditors thereof holding allowed claims.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order (i) granting this Motion, (ii) authorizing the sale of the Judgments to SLFAQ, or such higher and better offer that is received, free and clear of liens, claims and encumbrances, with such liens,

10675890-3

claims and encumbrances, if any, to attach to the proceeds of sale; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  June 30, 2021.                    Respectfully submitted,

                                          BERGER SINGERMAN LLP
                                          *Counsel for the Trustee*
                                          350 E. Las Olas Boulevard, Suite 1000
                                          Fort Lauderdale, FL 33301
                                          Tel. (954) 525-9900
                                          Fax (954) 523-2872

                                          By: */s/  Paul A. Avron*
                                                  Paul A. Avron
                                                  Florida Bar No. 50814
                                                  pavron@bergersingerman.com

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the 30th day of June, 2021, via electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List, and by first class, U.S. Mail to all parties listed below.

                                          By: */s/  Paul A. Avron*
                                                  Paul A. Avron

Oak Point Partners, LLC
Attn.:  David Linn
45 W. 60th Street
New York, NY 10023

Joseph E. Sarachek, Esq.
Sarachek Law
*Counsel for Proposed Purchaser*
670 White Plains Road – Penthouse
Scarsdale, NY 10583

10675890-3

## CM/ECF SERVICE LIST

- Thomas L Abrams    tabrams@tabramslaw.com, fcolumbo@tabramslaw.com
- Peter M Armold    parmold@gdr-law.com
- Paul A Avron    pavron@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.inforuptcy.com;mmorgan@bergersingerman.com
- Marc P Barmat    mbarmat@furrcohen.com,
  rrivera@furrcohen.com;atty_furrcohen@bluestylus.com;staff1@furrcohen.com
- Michael E. Baum    mbaum@schaferandweiner.com, jburns@schaferandweiner.com
- Eyal Berger    eyal.berger@akerman.com, jeanette.martinez@akerman.com
- Leyza F. Blanco    lblanco@sequorlaw.com, jdiaz@sequorlaw.com
- Daniel F Blanks    daniel.blanks@nelsonmullins.com,
  Allison.Abbott@nelsonmullins.com
- Daniel R. Brinley    daniel@brinleylaw.com, brinleylawecf@gmail.com
- Robert P. Charbonneau    rpc@agentislaw.com,
  nsocorro@agentislaw.com;bankruptcy@agentislaw.com;bankruptcy.ecc@ecf.courtdrive.
  com
- Leslie Gern Cloyd    lcloyd@bergersingerman.com,
  kgoins@bergersingerman.com;cphillips@bergersingerman.com;efile@ecf.inforuptcy.co
  m;efile@bergersingerman.com;kbeck@bergersingerman.com
- Robert J Edwards    redwards@bgglaw.com, jthomas@bgglaw.com
- Brett A Elam    belam@brettelamlaw.com,
  lynn@farberelamlaw.com;brettelamlaw@gmail.com;r45334@notify.bestcase.com
- Heidi A Feinman    Heidi.A.Feinman@usdoj.gov
- James H Fierberg    jhfpa@bellsouth.net
- Julianne R. Frank    fwbbnk@fwbpa.com, G59511@notify.cincompass.com
- Joanne Gelfand    joanne.gelfand@akerman.com, janet.salinas@akerman.com
- Elan A Gershoni    elan.gershoni@dlapiper.com, elan-gershoni-2942@ecf.pacerpro.com
- Kevin C Gleason    kgpaecmf@aol.com
- Garry M Glickman    gglickman@gwmlawyers.com, snovay@gwmlawyers.com
- Daniel L. Gold    daniel.gold@bipc.com, marilee.tamesolmedo@bipc.com
- Daniel L. Gold    dgold@goldbergsegalla.com, marilee.tamesolmedo@bipc.com
- Michael B Green    mgreen@gunster.com, virastorza@gunster.com
- Gregory S Grossman    ggrossman@sequorlaw.com, ngonzalez@sequorlaw.com
- Andrew R Herron    aherron@homerbonner.com, jyanes@homerbonner.com
- Zachary P Hyman    zhyman@bergersingerman.com,
  clamb@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com;efil
  e@ecf.inforuptcy.com
- Thasaian Jordan    tqj@jordanlegalgroup.com
- Craig I Kelley    craig@kelleylawoffice.com,
  tina@kelleylawoffice.com;cassandra@kelleylawoffice.com;kristina@kelleylawoffice.co
  m;debbie@kelleylawoffice.com;dana@kelleylawoffice.com
- Catherine Douglas Kretzschmar    jeanette.martinez@akerman.com,
  Catherine.kretzschmar@akerman.com
- Brian J Lechich    blechich@herronortiz.com

10675890-3

- James P.S. Leshaw    Jim@LeshawLaw.com
- David B Marks    brett.marks@akerman.com, charlene.cerda@akerman.com
- Deborah Menotte    menottetrustee@gmail.com, ecf.alert+Menotte@titlexi.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Leslie S. Osborne    office@rorlawfirm.com, 4275819420@filings.docketbird.com
- Kenneth B Robinson    krobinson.ecf@rprslaw.com
- David R Rothenstein    drr@ecclegal.com,
  nsocorro@ecclegal.com;ecala@ecclegal.com;bankruptcy@ecclegal.com;jbetancourt@ec
  clegal.com;parboleda@ecclegal.com
- Ariel Sagre    law@sagrelawfirm.com
- Jeffrey J Saunders    JJS@crarybuchanan.com,
  rciarsolo@crarybuchanan.com;r65589@notify.bestcase.com
- Norman L. Schroeder II    nschroeder@nlsbankruptcy.com,
  mnewman@nlsbankruptcy.com;dfinegold@nlsbankruptcy.com
- Bradley S Shraiberg    bss@slp.law,
  dwoodall@slp.law;bshraibergecfmail@gmail.com;dlocascio@slp.law;pmouton@slp.law
- Deborah Talenfeld    dtalenfeld@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Stuart A Young    syoung@ybplaw.com
- P Benjamin Zuckerman    bzuckerman@bergersingerman.com,
  cphillips@bergersingerman.com;efile@bergersingerman.com

10675890-3

**EXHIBIT "1"**
**(Asset Purchase Agreement)**

10675890-3

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** ("Agreement"), dated as of June 30, 2021, is by and between **Deborah C. Menotte** as Chapter Trustee of **CLSF III IV, Inc.** and certain of its affiliates (collectively, "Seller" and/or "Estate"), and **SLFAQ, LLC** ("Purchaser").

### WITNESSETH:

**WHEREAS**, on or about August 28, 2012, Deborah C. Menotte was appointed Chapter 7 Trustee for CLSF III IV, Inc. and certain of its affiliates by the United States Bankruptcy Court for the Southern District of Florida – West Palm Beach Division, lead case No. 12-30081-EPK. Pursuant to the Court's Order, the Trustee has been charged with liquidating the assets of the Estate for the benefit of its creditors.

**WHEREAS**, subject to Court's Order appointing the Trustee, Seller has the power and authority to sell and assign all right, title and interest in and to certain judgments identified in **Exhibit A** to this Agreement (collectively, "Judgments") to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price for the Judgments shall be Twenty-Five thousand dollars ($25,000.00) in immediately available funds payable to the Trustee within three (3) business days of receipt by Purchaser of this executed Agreement, subject to higher and better offers.

2. **Assignment of Judgments.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Judgments, as well as any and all claims and rights related to the Judgments, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Judgments Assets and all amounts, interest, and costs due under the Judgments.

3. **Authority to Sell.** The sale of the Judgments by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Judgments.** Seller further agrees that any payments received by Seller

10671980-4

on account of any of the Judgments shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any of the Judgments.

5.    **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Judgments as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE JUDGMENTS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6.    **Free and Clear Sale.** The sale of Judgments shall be free and clear of any liens, claims, or encumbrances.

7.    **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Judgments and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Judgments, except as may otherwise expressly be provided herein.

8.    **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. Furthermore, Purchaser may request the jurisdiction of the Court for prosecution and enforcement of certain rights. Purchaser shall reimburse Seller for its reasonable costs associated with such action and compliance.

9.    **Limited Power of Attorney.** Solely with respect to the Judgments, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of and strictly limited to the Judgments herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Judgments to Purchaser and its rights thereunder pursuant to this Agreement. A true and executed copy of the Limited Power of Attorney is annexed hereto as **Exhibit B**.

10.    **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11.    **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12.    **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Florida.

13.    **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be

deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**SLFAQ LLC.**

By:

Name: JOSEPH E. SARACHEK

Its: President

670 White Plains Rd., Penthouse Suite

Scarsdale, NY. 10583

**CLSF III IV, INC.,** *et al.*

By:

Deborah C. Menotte, Chapter 7 Trustee of the estates

of CLSF III IV, Inc., et al., Case No. 12-30081-EPK

P.O. Box 211087

West Palm Beach, FL 33421

## EXHIBIT A

1. *Final Default Judgment Against Defendant, Dennis Edward Moens* dated February 16, 2016 [Ad. ECF No. 105], entered in the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Dennis Edward Moens, et al.*, Adv. No. 14-01591-EPK;

2. *Final Default Judgment Against Simon Wilhelmus Franciscus Laan* dated November 21, 2016 [Adv. ECF No. 125] entered in the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Dennis Edward Moens, et al.*, Adv. No. 14-01591-EPK; and

3. *Final Default Judgment Against Defendant, Reed Collingwood* dated February 3, 2015 [Adv. ECF No. 70], entered in the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Sunstar Financial, LLC and Reed Collingwood*, Adv. No. 14-01495-EPK.

4. *Final Default Judgment and Order For Permanent Injunction, Turnover and Accounting Against Defendant, Jack Barry Phillips* dated December 14, 2015 [Adv. ECF No. 56], entered in the adversary proceeding captioned *Deborah C. Menotte, as Chapter 7 Trustee of the estates of CLSF III IV, Inc., and Deborah C. Peck, et al. v. Jack Phillips*, Adv. No. 15-01461-EPK

**EXHIBIT B**

LIMITED POWER OF
<u>ATTORNEY</u>

**BE IT ACKNOWLEDGED that CLSF III IV, Inc.** and its affiliates, **through Deborah C. Menotte as Chapter 7 Trustee,** the undersigned, do hereby grant a limited and specific power of attorney to Joseph E. Sarachek of 22 Harvest Drive, Scarsdale, New York 10583, phone: 212 365-8792 as their attorney in fact.

WITNESSETH:

**WHEREAS**, on or about August 28, 2012, Deborah C. Menotte (the "**Trustee**") was appointed Chapter 7 Trustee for CLSF III IV, Inc. and its related affiliates by the United States Bankruptcy Court for the Southern District of Florida – West Palm Beach Division, case No. 12-30081-EPK. The Trustee has been charged with liquidating the assets of the Estate for the benefit of creditors.

**Said attorney-in-fact shall have the full power and authority to undertake and perform only the following acts on their behalf:**

1. Execute any and all documents in furtherance of the collection and deposit of all Judgements set forth on **Exhibit A** annexed hereto in bank accounts of SLFAQ LLC.
2. Execute any and all documents in furtherance of that certain order of the United States Bankruptcy Court for the Southern District of Florida, dated July ___, 2021 [ECF No. ___].
3. SLFAQ LLC shall be solely responsible for any federal or state taxes arising from the Asset Purchase Agreement executed contemporaneously herewith.

The authority herein shall include such incidental acts as are reasonably required to carry out and perform the specific authorities granted herein.

My attorney-in-fact agrees to accept this appointment subject to its terms and agrees to act and perform in said capacity.

This power of attorney is effective upon execution and is governed by the laws of the State of Florida.

Signed this <u>30th</u> day of June 2021.

**CLSF III IV, INC.,** *et al.*

By: _____
      Deborah C. Menotte, Chapter 7 Trustee of the estates
      of CLSF III IV, Inc., et al., Case No. 12-30081-EPK
      P.O. Box 211087
      West Palm Beach, FL 33421

STATE OF FLORIDA      )
                        ): SS
COUNTY OF PALM BEACH  )

10671984-3                                    1

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this 30th day of June, 2021 by Deborah C. Menotte.  She is personally known to me or has produced _____ as identification.


_____
Notary Public, State of _____
Print Name:_____
Commission No._____
My Commission Expires: _____

## Exhibit A

1. *Final Default Judgment Against Defendant, Dennis Edward Moens* dated February 16, 2016 [Adv. ECF No. 105], entered in the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Dennis Edward Moens, et al.*, Adv. No. 14-01591-EPK, in favor of the Trustee and against Dennis Edward Moens in the principal amount of $73,615,910.87;

2. *Final Default Judgment Against Simon Wilhelmus Franciscus Laan* dated November 21, 2016 [Adv. ECF No. 125] entered in the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Dennis Edward Moens, et al.*, Adv. No. 14-01591-EPK, in favor of the Trustee and against Simon Wilhelmus Franciscus Laan in the principal amount of $20,584,687.46;

3. *Final Default Judgment Against Defendant, Reed Collingwood* dated February 3, 2015 [Adv. ECF No. 70], entered in the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Sunstar Financial, LLC and Reed Collingwood*, Adv. No. 14-01495-EPK, in favor of the Trustee and against Reed Collingwood in the principal amount of $1,605,797.81.

4. *Final Default Judgment and Order For Permanent Injunction, Turnover and Accounting Against Defendant, Jack Barry Phillips* dated December 14, 2015 [Adv. ECF No. 56], entered in the adversary proceeding captioned *Deborah C. Menotte, as Chapter 7 Trustee of the estates of CLSF III IV, Inc., and Deborah C. Peck, et al. v. Jack Phillips*, Adv. No. 15-01461-EPK, in favor of the Trustee and against Jack Phillips in the amount of $149,215.65.

3

RE: CLSF III, IV Inc.

To Whom It May Concern:

The undersigned is Trustee of the above-referenced estates.  On or about August 28, 2012, the Deborah Menotte was appointed Chapter 7 Trustee under the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida – West Palm Beach Division (the "Court").  At such time, all assets and rights of the Debtors became property of the Debtors' bankruptcy estates pursuant to Section 541 of the Bankruptcy Code. On July ___, 2021, the Trustee sold certain assets (judgments) listed on **Exhibit A** annexed hereto to SLFAQ,  LLC ("SLFAQ") which was approved by the Bankruptcy Court.

Thank you in advance for your assistance and cooperation with SLFAQ, LLC.

**CLSF III IV, INC.,** *et al.*

By: _____
          Deborah C. Menotte, Chapter 7 Trustee of the estates
          of CLSF III IV, Inc., et al., Case No. 12-30081-EPK
          P.O. Box 211087
          West Palm Beach, FL 33421

STATE OF FLORIDA          )
                          ): SS
COUNTY OF PALM BEACH     )

       The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this ___ day of June, 2021 by Deborah C. Menotte.  She is personally known to me or has produced _____ as identification.

                              _____
                              Notary Public, State of _____
                              Print Name:_____
                              Commission No._____
                              My Commission Expires: _____

4

<u>Exhibit A</u>

1. *Final Default Judgment Against Defendant, Dennis Edward Moens* dated February 16, 2016 [Adv. ECF No. 105], entered in the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Dennis Edward Moens, et al.*, Adv. No. 14-01591-EPK, in favor of the Trustee and against Dennis Edward Moens in the principal amount of $73,615,910.87;

2. *Final Default Judgment Against Simon Wilhelmus Franciscus Laan* dated November 21, 2016 [Adv. ECF No. 125] entered in the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Dennis Edward Moens, et al.*, Adv. No. 14-01591-EPK, in favor of the Trustee and against Simon Wilhelmus Franciscus Laan in the principal amount of $20,584,687.46;

3. *Final Default Judgment Against Defendant, Reed Collingwood* dated February 3, 2015 [Adv. ECF No. 70], entered in the adversary proceeding captioned *Deborah C. Menotte, Chapter 7 Trustee v. Sunstar Financial, LLC and Reed Collingwood*, Adv. No. 14-01495-EPK, in favor of the Trustee and against Reed Collingwood in the principal amount of $1,605,797.81.

4. *Final Default Judgment and Order For Permanent Injunction, Turnover and Accounting Against Defendant, Jack Barry Phillips* dated December 14, 2015 [Adv. ECF No. 56], entered in the adversary proceeding captioned *Deborah C. Menotte, as Chapter 7 Trustee of the estates of CLSF III IV, Inc., and Deborah C. Peck, et al. v. Jack Phillips*, Adv. No. 15-01461-EPK, in favor of the Trustee and against Jack Phillips in the amount of $149,215.65.